UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SCOTT HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:14-cv-00554-TWP-DKL ) |
| EAGLE ACCOUNTS GROUP, INC., | ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendant Eagle Accounts Group, Inc.'s ("EAG") Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Filing No. 20). After Plaintiff Scott Howell ("Mr. Howell") failed to pay a medical bill, EAG assumed the responsibility of collecting payment for the medical services and sent a dunning letter to Mr. Howell for that purpose. Based on this dunning letter, Mr. Howell filed a Complaint against EAG, alleging violations of the Fair Debt Collection Practices Act (Filing No. 1). EAG filed its Answer (Filing No. 10) and then moved for judgment on the pleadings (Filing No. 20). For the following reasons, the Motion for Judgment on the Pleadings is **DENIED**.

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. Rule 12(c) motions are analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007); *Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir. 1996). Under Rule 12(b)(6), a complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not

required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.* Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Like a Rule 12(b)(6) motion, the Court will grant a Rule 12(c) motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993)). The factual allegations in the complaint are viewed in a light most favorable to the non-moving party; however, the Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *Id.* (quoting *R.J.R. Serv., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Id.* (internal citations omitted).

## II. BACKGROUND

Mr. Howell received medical services from Northside Anesthesia on March 14, 2013 and never paid his bill for the services. The debt went into default and on December 5, 2013, EAG sent a dunning letter to Mr. Howell on behalf of Northside Anesthesia. The dunning letter noted a balance of $92.80, ".00" for "Interest Due," ".00" for "Collection Fee Due," and $92.80 as the "Total Due." (Filing No. 1-3.) The letter also explained, "Because of interest that may vary from day to day, the amount due on the day you pay may be greater than the amount listed above. If that

2

is the case, when we receive your payment, we will inform you of any adjustments prior to processing your payment." (Filing No. 1-3.)

After receiving the dunning letter, Mr. Howell filed suit in this Court on April 11, 2014, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") (Filing No. 1). Mr. Howell specifically alleges that EAG violated Sections 1692d–f "by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued." (Filing No. 1 at 3, ¶¶ 2–4.) At the heart of Mr. Howell's Complaint is his allegation that "[t]he Defendant therefore made a false threat to the Plaintiff regarding the character and amount of the alleged debt in an attempt to intimidate [him] into making payments in violation of the FDCPA." (Filing No. 1 at 3, ¶ 29.) In his Complaint, Mr. Howell requests actual and statutory damages and attorney fees and costs pursuant to 15 U.S.C. § 1692k(a).

### III.   DISCUSSION

"Congress passed the FDCPA to 'eliminate abusive debt collection practices.' 15 U.S.C. § 1692. The FDCPA is liberally construed to achieve its purpose of protecting 'the unsophisticated consumer.'" *Hutton v. C.B. Accounts, Inc.*, 2010 U.S. Dist. LEXIS 77881, at *4 (C.D. Ill. Aug. 3, 2010) (quoting *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 773 (7th Cir. 2003)).

Both parties acknowledge that EAG's communication to Mr. Howell, the December 5, 2013 dunning letter, is to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, [and] trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs.*, 505 F.3d 675, 678 (7th Cir. 2007) (internal quotation

3

marks and citation omitted). The "unsophisticated consumer" standard still "admits an objective element of reasonableness. The reasonableness element in turn shields complying debt collectors from liability for unrealistic or peculiar interpretations of collection letters." *Gammon*, 27 F.3d at 1257. The Court does not "entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan v. Collection Profs. Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

FDCPA cases alleging misleading or deceptive statements fall into three categories. "In the first category are cases involving statements that plainly, on their face, are not misleading or deceptive." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009). When a case falls into this category, the Court will "grant dismissal or summary judgment in favor of the defendant based on our own determination that the statement complied with the law." *Id.*

"The second category of cases involves statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer." *Id.* This second category of cases is particularly unfit for dismissal on a motion for judgment on the pleadings. "Because confusion is a fact-based question, dismissal is typically not available under 12(b)(6) [or under 12(c)], which is appropriate only when there is no set of facts consistent with the pleadings under which the plaintiff could obtain relief." *McMillan*, 455 F.3d at 759. Indeed, the Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law." *Id.* "In most instances, . . . a proper application of the rule will require that the plaintiff be given an opportunity to demonstrate that his allegations are supported by a factual basis responsive to the statutory standard." *Id.* at 760.

"[S]ome collection notices are clearly misleading on their face. Cases involving plainly deceptive communications fall into a third category, one where we will grant summary judgment for the plaintiffs without requiring them to prove what is already clear." *Ruth*, 577 F.3d at 801.

Mr. Howell complains that EAG "made a false threat to the Plaintiff regarding the character and amount of the alleged debt in an attempt to intimidate [him] into making payments." (Filing No. 1 at 3, ¶ 29.) He takes issue with the following statement from EAG's dunning letter: "Because of interest that may vary from day to day, the amount due on the day you pay may be greater than the amount listed above. If that is the case, when we receive your payment, we will inform you of any adjustments prior to processing your payment." (Filing No. 1-3.) Mr. Howell compares this statement to the notation just below the statement that "Interest Due" is ".00." (Filing No. 1-3.) Using this comparison, Mr. Howell explains that EAG violated the FDCPA "by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued." (Filing No. 1 at 3, ¶¶ 2–4.)

Mr. Howell relies on guidance from the Seventh Circuit for his argument that the dunning letter is confusing and misleading:

> If the debt collector is trying to collect only the amount due on the date the letter is sent, then he complies with the Act by stating the "balance" due, stating that the creditor "has assigned your delinquent account to our agency for collection," and asking the recipient to remit the balance listed--and stopping there, without talk of the "current" balance. If, instead, the debt collector is trying to collect the listed balance plus the interest running on it or other charges, he should use the safe-harbor language of *Miller*.

*Chuway v. Nat'l Action Fin. Servs.*, 362 F.3d 944, 949 (7th Cir. 2004). Mr. Howell asserts that the dunning letter is confusing and misleading because EAG went too far by including the *Miller* safe-harbor language even though EAG was seeking to collect only the amount due listed in the letter and not any additional interest or charges. The letter explained that "Interest Due" was ".00," but further asserted "[b]ecause of interest that may vary from day to day, the amount due on the day you pay may be greater than the amount listed above." Mr. Howell claims he was confused and misled by this purported contradiction.

5

EAG responds to the allegations in the Complaint by explaining that no false threat regarding interest is asserted in its dunning letter. EAG asserts that it did not misrepresent to Mr. Howell that interest would accrue on his account; the letter states only that, if interest accrues, the balance due when paid might be higher than what is represented in the letter. EAG also claims that its letter is not abusive, harassing, unfair, or unconscionable.

The Court is required under the FDCPA to give the dunning letter a liberal, broad interpretation and to read the letter through the eyes of an unsophisticated consumer. Additionally, the Court must view the facts in the light most favorable to Mr. Howell as the non-moving party.

"A letter can be confusing even to a sophisticated reader though it does not contain an outright contradiction." *Id.* EAG's dunning letter stated, "because of interest . . . ." The letter did not state, "if interest . . . ." It is not bizarre, peculiar, or idiosyncratic to read "[b]ecause of interest that may vary from day to day, the amount due on the day you pay may be greater than the amount listed above," to imply "that interest would continue to accrue." While Mr. Howell may not be correct in his interpretation of EAG's statement concerning interest, he is not unreasonable. Even if EAG's statement was not technically false, given the statement's ambiguity and close proximity to the notation of ".00" "Interest Due," the representation could be misleading to an unsophisticated consumer. The FDCPA prohibits not only false or deceptive representations but also misleading ones.

EAG argues that the letter simply explained that, *if* interest accrued, then the amount due when paid *might* be higher than the amount noted in the letter. But the letter did not state "if." It stated, "[b]ecause of interest . . . , the amount due on the day you pay may be greater." Even if the Court accepts EAG's interpretation of the letter, a debt collector cannot avoid potential liability for a false, deceptive, or misleading representation by making its statement conditional or

6

qualified. If a representation is false, deceptive, or misleading, "'[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.'" *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)). And "it is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Id.*

Because EAG's dunning letter to Mr. Howell contains statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer, dismissal at this stage of the litigation is not appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Eagle Accounts Group, Inc.'s Motion for Judgment on the Pleadings (Filing No. 20). As per the Court's order of February 9, 2015, parties are to comply with the deadlines set forth therein. (*See* Filing No. 45).

**SO ORDERED.**

Date: 3/10/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Weston E. Overturf
BOSE MCKINNEY & EVANS, LLP
woverturf@boselaw.com

Michael Anthony Eades
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com